

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00026-CV

CHERYL TRAHAN,

Appellant

v.

KENNETH AND REBECCA GOETSCH,

Appellees

From the 21st District Court
Burleson County, Texas
Trial Court No. 27,360

## ORDER DENYING MOTION FOR REHEARING

Appellant is in a procedural predicament of appellant's own creation. It is fatal to the appeal. We dismissed appellant's appeal on March 8, 2017 for the failure to pay the filing fee.[1]

---

[1] The docketing statement is also past due. Further, appellant was dilatory in making the necessary arrangement to get the record by failing to pay for the preparation of the clerk's record.

Rather than file a motion for rehearing, which would require a payment of $15, counsel filed a motion to reinstate, which carries the normal motion filing fee of $10, and paid that motion fee. The motion also attempts to condition the payment of the filing fee, the failure of which is what resulted in the dismissal, upon the granting of the motion to reinstate. However, pursuant to Rule 10.3(a), the Court cannot rule on the merits of the motion to reinstate until 10 days have passed from the date it is filed. *See* TEX. R. APP. P. 10.3(a). The time within which to file a motion for rehearing is 15 days and would expire before the Court could rule on the pending motion. *See* TEX. R. APP. P. 49.1. Possibly in an effort to foreclose that problem, appellant presents the motion, in the alternative, to be a motion for rehearing, notwithstanding that appellant failed to pay the fee for filing a motion for rehearing.[2]

Based on the foregoing, the Court has filed the document as a motion for rehearing only. The Court will not address or rule on the motion to reinstate. Appellant owes an additional $5.00 filing fee for filing a motion for rehearing.

Appellant states she is prepared to pay the initial filing fee if the Court grants the motion for rehearing. But appellant owes the filing fee whether the Court grants the motion or not. Moreover, the Court, as a matter of jurisprudence, cannot be in the

---

[2] A motion for rehearing extends our jurisdiction until it is ruled upon. There is no provision in the rules of appellate procedure for a motion to reinstate. The "motion to reinstate" is a procedure used in the trial court for a party to use when a proceeding has been dismissed for want of prosecution. *See* TEX. R. CIV. P. 165a(3). Accordingly, we only have the jurisdiction to rule on the motion for rehearing. *See* TEX. R. APP. P. 49.

untenable position of negotiating for a ruling based upon the payment of fees (or for any other *quid-pro-quo*). The Court therefore declines to negotiate a particular ruling for a filing fee that is already owed. The Court will proceed to address the motion for rehearing on its merits.

Appellant has not asserted any legitimate reason the filing fee has not been paid. The motion does assert "confusion" was caused by the Court's order granting an extension of time to file the Clerk's record. While the Court is at a loss to understand how that would have been confused with a demand for the payment of a filing fee, the confusion was undoubtedly removed when the Court dismissed the appeal on March 8, 2017 due to the failure to pay the filing fee. Nevertheless, no filing fee has been forthcoming. Rather than paying the fee in the weeks since the appeal was dismissed, appellant has determined, obviously an intentional act, to pay the fee, which is otherwise due, only if the Court grants the motion for rehearing.

Appellant's motion for rehearing is denied.

PER CURIAM

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Order issued and filed April 5, 2017

